IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

NICHOLAS S. COX,

    Petitioner,

v.

C. CARTER,

    Respondent.

Civil Action No.:  PX-23-1222

**MEMORANDUM OPINION**

Petitioner Nicholas S. Cox, an inmate at the Federal Correctional Institution in Cumberland, Maryland ("FCI Cumberland"), has filed a Petition pursuant to 28 U.S.C. § 2241 related to administrative action he faced after walking away from a Community Corrections facility.  ECF No. 1.  Pending is the Respondent's motion to dismiss the Petition which Cox opposes.  ECF Nos. 5, 7.  No hearing is necessary.  *See* Local Rule 105.6 (D. Md. 2023).  For the reasons stated below, the Motion shall be granted, and the Petition will be dismissed.[1]

**I.    Background**

While serving a federal prison sentence, Cox was enrolled in the Residential Drug Abuse Treatment Program ("RDAP") administered by the Bureau of Prisons ("BOP").  ECF No. 1 at 2, ¶ 4; ECF No. 10-1 at 2.  In the final phase of the program, Cox was placed in Community Corrections Facility.  *Id.*  Evidently, Cox walked away from the facility and was accused of escape.  ECF No. 1.

---

[1] Cox filed a "supplement" to the Petition on August 3, 2023.  ECF No. 11.  The supplement concerns a separate disciplinary proceeding which took place after the hearing at issue here and bears no relation to the claims Cox raises in this Petition.  Accordingly, the Clerk is directed to mark the supplement as "filed in error" in this matter, and open a separate case, docketing the "supplement" as a separate Petition for consideration.

After an administrative hearing was held in Cox's absence, Cox lost 41 days good conduct time for his violation. ECF No. 1. Subsequently, however, the report underlying this sanction was "expunged" on a technical error, and Cox's 41 days good conduct time was restored. ECF No. 5.

Respondent now contends that because Cox seeks in this Petition the very relief he has already received – expungement of the report and restoration of good conduct days – the matter is moot and the Petition must be dismissed. ECF No. 5-2 at 2, ¶ 4. Cox responds that the Petition is not moot because he faced the additional injury of expulsion from RDAP which cost him the opportunity to receive a reduced sentence. ECF No. 7. For the reasons discussed below, the Petition will be dismissed.

**II.     Standard of Review**

Respondent's motion is construed as one seeking dismissal for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) and as one seeking dismissal pursuant to Rule 12(b)(6). If the matters asserted in the petition are now moot because Cox has already received all of the relief sought, this Court no longer has subject matter jurisdiction. *See Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 370 (4th Cir. 2012) (dismissal on mootness grounds is dismissal for lack of subject matter jurisdiction). A challenge to subject matter jurisdiction under Rule 12(b)(1) may proceed "in one of two ways": either a facial challenge, asserting that the allegations pleaded in the complaint are insufficient to establish subject matter jurisdiction, or a factual challenge, asserting "'that the jurisdictional allegations of the complaint [are] not true.'" *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (citation omitted) (alteration in original); *see also Buchanan v. Consol. Stores Corp.*, 125 F. Supp. 2d 730, 736 (D. Md. 2001). In a facial challenge, "the facts alleged in the complaint are taken as true, and the motion must be denied if the complaint alleges sufficient facts to invoke subject matter

2

jurisdiction." *Kerns*, 585 F.3d at 192; accord *Clear Channel Outdoor, Inc. v. Mayor & City Council of Baltimore*, 22 F. Supp. 3d 519, 524 (D. Md. 2014). In a factual challenge, on the other hand, "the district court is entitled to decide disputed issues of fact with respect to subject matter jurisdiction." *Kerns*, 585 F.3d at 192.

To the extent that Cox asserts he has incurred additional damages unaddressed by the relief already provided, Respondent's motion is construed as one seeking dismissal for failure to state a claim under Rule 12(b)(6). When reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and most favorably to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

### III. Discussion

Turning first to whether the original Petition is moot, the Court has the power to hear only "actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citations omitted). "A case becomes moot – and therefore no longer a 'Case' or 'Controversy' for purposes of Article III [of the United States Constitution] – when the issues

presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Already, LLC v. Nike, Inc.*, 568 U.S. 85, 91 (2013) (internal quotation marks omitted).

Respondent correctly argues that Cox has already received the very injunctive relief he pursues in the Petition: restoration of the 41 days good conduct credit and expungement of the offending report. Accordingly, even if this Court were to agree with Cox's claims, all requested relief has been afforded to him. *E.g.*, *Rendleman v. Rouse,* 569 F.3d 182, 187 (4th Cir. 2009). Thus, the matter is moot.

As to Cox's new argument that his removal from RDAP keeps the claim alive, several problems exist. First, Cox did not challenge his expulsion from RDAP in his Petition and so that contention is arguably not before this Court. But even if Cox had raised the claim, he is not entitled to any further relief. Cox improperly assumes that because an incident report was expunged, the BOP cannot take *any* action against him on account of his escape from the Community Corrections facility. ECF No. 7. But as Respondent makes clear, the BOP removed Cox from RDAP because he failed to complete the last phase of the program on account of his escape. ECF No. 10 at 13. This the BOP is well entitled to do.

In enacting 18 U.S.C. § 3621(e)(2)(B), Congress empowered the BOP to exercise its discretion to determine whether an inmate receives early release upon successful completion of residential drug treatment. Accordingly, BOP "must balance Congress's twin goals of providing an incentive for certain prisoners to undergo drug treatment while at the same time protecting the public from potentially violent criminals." *Pelissero v. Thompson*, 170 F. 3d 442, 447 (4th Cir. 1999). The exercise of such discretion does not provide an inmate any guarantees of early release; "no constitutional or inherent right" exists to ensure conditional release "before the expiration of a valid sentence." *Greenholtz v. Inmates of Nebraska Penal and Correctional Complex*, 442 U.S.

1, 7, (1979); *see also O'Bar v. Pinion*, 953 F.2d 74, 84 (4th Cir. 1991).  Thus, the mere denial of early release after unsuccessful completion of RDAP, without more, cannot sustain this cause of action.  *See Lopez v. Davis*, 531 U.S. 230, 241 (2001) (BOP has "the authority but not the duty ... to reduce [a prisoner's] term of imprisonment").

Cox's averments, viewed most charitably to him, amount to a mere disagreement with the BOP's decision to terminate him from RDAP after he walked away from the Community Corrections Facility.  ECF No. 7 ("Because the BOP cannot justify the finding of 'escape' these 16 months of time credit . . . must be restored.").  But the BOP clearly did, and was entitled to, terminate him from RDAP because he had not completed the community treatment portion on account of his escape.  ECF No. 10 at 13.  And without RDAP completion, Cox could not be considered for any sentence reduction.  Thus, any claimed ongoing injury is not legally cognizable. The Petition must be dismissed.

**IV.    Conclusion**

By separate Order, the Respondent's motion is granted, and the Petition is dismissed.

<br>

| 11/28/23 | /S/ |
|---|---|
| Date | Paula Xinis<br>United States District Judge |